## LESSEE of JAMES MAXWELL and WIFE and of WILLIAM OWENS and WIFE v. NANCY POLK and EDWARD POLK.

Court of Common Pleas.   Sussex.   April, 1795.

*Wilson's Red Book, 71.*

*Ridgely* and *Bayard* for plaintiff.   *Peery, Hall* and *Wilson* for defendants.

Mr. BASSETT brought the suit, *ut audivi.*

Plaintiffs offered in evidence as their first title paper a bond to convey on demand etc. (Samuel Stuart to John Brown dated. 1729), with two assignments (first to John Polk, January 3, 1747; the second from said Polk, defendant's father, to John Polk, plaintiff's father, dated November, 1764), proving a possession once to have been in Stuart and in Brown, but that their father or themselves were never in possession.

*Wilson* objected to the evidence. The last assignment is only dated twenty-six years before the bringing the suit, and if not evidence at that time, shall not receive more authenticity by the lapse of time since, and therefore ought to be proved. Though bonds are called properly deeds, yet they are not such deeds as in the eye of the law acquire validity from their age; all the cases on this subject relate to conveyances and instruments for the transmutation of possessions or uses. But if we suppose this instrument to come within reason of these cases, yet the paper must appear to the court to be thirty years old. This may be done by showing a possession in the party for a sufficient length of time, and the law will presume the possession to have been under the deed. In this case no such possession has been proved. Or it may be done by giving some account of the deed, where found and so forth; surely the bare aspect of the paper shall not determine its age. This would be too uncertain and open a door for imposition; it is an indispensable condition upon the producing an ancient paper that it be shown by possession or otherwise to be ancient.

The Court did not suffer further argument.

PER CURIAM. BASSETT, C. J. It is true conveyance bonds are not of those deeds mentioned in the books, but from the necessity of the case are admitted here as such. I have known them given in evidence for plaintiff in ejectment as title papers, and the good of the community requires that they should. It is not necessary to prove the age of them. There is a case in Viner's Abridgment which brings the time down to twenty-five years. The paper must go to the jury.

*N.B.* The CHIEF JUSTICE mentioned the case in Viner to me in the argument. I answered that it had not been so recognized here in practice. But upon looking at the case I was not satisfied that it was so. After going through the evidence on both sides, plaintiff proposed terms of accommodation which were acceded to by defendant. And a juror was drawn, *i. e.,* one was

taken out of the box and directed not to answer; the rest were called and discharged *pro defectu.*